UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION** at **LEXINGTON**

CIVIL ACTION NO. 07-CV-162-JMH

LARRY TYUS,                                                    PLAINTIFF,

V.                    <u>MEMORANDUM OPINION AND ORDER</u>

KENTUCKY DEPT. OF VETERANS AFFAIRS, ET AL.,          DEFENDANTS,

**\* \* \* \* \***

Plaintiff Larry Tyus ("Tyus") has submitted a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 [Record No. 2].  In his complaint, Tyus alleges that the defendants have demonstrated racial animus, committed acts of racial discrimination, and permitted an environment where such behavior is tolerated.  Tyus seeks compensatory and injunctive relief.

The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915A.  *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).  As Tyus is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys.  *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  During screening, the allegations in his complaint are taken as true and liberally construed in his favor.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  But the Court must dismiss a case at any time if it determines the

action is frivolous, malicious, or fails to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2).

## BACKGROUND

In his complaint, Tyus indicates that he is a participant in the Veterans Transitional Treatment Program at a Veterans Administration facility in Lexington, Kentucky.  The program is jointly funded by Defendants Kentucky Department of Veterans Affairs and the United States Department of Veterans Affairs, and is administered by Defendant Volunteers of America.  Tyus alleges generally that since his arrival at the facility on April 9, 2007, he has been subjected to several instances of race-based hostility by other participants in the program.  He further alleges that the response from program administrators has been inadequate to address what he believes to be systemic racial animus by other program participants.

Tyus describes two episodes in particular, the first on April 18, 2007.  On this day, he and defendant Richite, another program participant, had been arguing when Richite swore at Tyus and called him a "black a.. boy."  Facility staff intervened, and the Program Administrator, Defendant David Waters, met with both men, eventually requiring Richite to apologize to Tyus for his comments on threat of termination from the program.  This did not satisfy Tyus, but program administrators took no further action regarding these events.

On another occasion defendant Roundtree "slap[ped Tyus] in the back of the neck hard" instead of "just putting his hand on my shoulder" as was customary during a group hug and the end of a counseling session. Roundtree subsequently repeated this behavior with another African-American participant.

Tyus indicates that, through his complaint, he intends "to show that the U.S. Department of Veteran Affairs, Kentucky Department of Veteran Affairs, as well as the Volunteers of America has fail in its duties to ensure that veterans of any race, nationalities are not subjective to the type of racism and harassments that has come to be common occurs at this facility." [sic] In his prayer for relief, Tyus requests that Richite and Roundtree be removed from the program, that administrators be compelled to "better regulate their program," and he asks for $100,000 in damages from each of the U.S. Department of Veteran Affairs, Kentucky Department of Veteran Affairs, and the Volunteers of America.

## DISCUSSION

Federal law requires the Court to dismiss any claim if the Court determines that the claim is frivolous or lacks a basis in law or fact. 28 U.S.C. § 1915(e)(2). The Court must therefore review each of the claims asserted in the complaint.

1.   <u>Defendant Kentucky Department of Veterans Affairs</u>.

Tyus first names the Kentucky Department of Veterans Affairs,

the agency which funds the program, as defendant.  However, Plaintiff's claims against Defendant Kentucky Department of Veterans Affairs, both for money damages and injunctive relief, must be dismissed, as a state agency is not a "person" subject to liability under Section 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003); *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005).

    2.   <u>Defendant U.S. Department of Veterans Affairs</u>.

The U.S. Department of Veterans Affairs must also be dismissed as a defendant as it is entitled to sovereign immunity against claims asserted under Section 1983.  A lawsuit against an agency of the United States is in essence a suit against the United States itself.  *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985).  Federal courts lack subject matter jurisdiction to consider a claim against the United States in the absence of a clear waiver of sovereign immunity.  *United States v. Mitchell*, 463 U.S. 206, 212-14 (1983); *The Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 115-16 (6th Cir. 1988).

The United States has not waived its sovereign immunity to claims for constitutional torts.  *Clark v. Library of Congress*, 750 F.2d 89, 103-04 (D.C. Cir. 1984).  The U.S. Department of Veteran Affairs is therefore immune from suit for claims for alleged violations of Tyus's civil rights and will be dismissed from the suit.  *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991); *Nuclear*

-4-

*Transport & Storage, Inc. v. United States*, 890 F.2d 1348, 1352
(6th Cir. 1989); *Shaner v. United States*, 976 F.2d 990, 994 (6th
Cir. 1992); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003).

     3.   <u>Defendant Program Administrator David Waters</u>.

     Tyus has named Program Administrator David Waters as a
defendant in this action; however, he does not seek either
compensatory or injunctive relief against Waters in his complaint.
Rather, he seeks both forms of relief against both the Kentucky
Department of Veterans Affairs and Volunteers of American, one of
whom appears to be Waters's employer.

     Because Tyus seeks relief not against Waters but against the
agency for which he works, his inclusion as a defendant signals the
plaintiff's intent to assert an official capacity rather than
individual capacity claim. *Moore v. City of Harriman*, 272 F.3d
769, 773, 775 (6th Cir. 2001) (*en banc*) ("When a §1983 plaintiff
fails to affirmatively plead capacity in the complaint, we then
look to the course of proceedings to determine whether Wells's
first concern about notice has been satisfied. . . . §1983
plaintiffs must clearly notify any defendants of their intent to
seek individual liability, and we clarify that reviewing the course
of proceedings is the most appropriate way to determine whether
such notice has been given and received . . . .").

     To the extent Waters is employed by the Kentucky Department of
Veterans Affairs, an official capacity claim against him for money

damages must be dismissed.  A plaintiff may not assert an official capacity claim for money damages under Section 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989); *Edwards v. Wallace Community College*, 49 F.3d 1517, 1524 (11th Cir. 1995). However, *Will* does not bar an official capacity claim seeking prospective injunctive relief under *ex parte Young*.  *Id*. Accordingly, Tyus's claim for injunctive relief against Waters in his official capacity may proceed.

    4.   Defendant Volunteers of America.

    Tyus identified the Volunteers of America ("VOA") as a defendant in this action in his complaint; however, it appears that VOA has not been formally entered as a party defendant in this proceeding.  The Clerk of the Court will be directed to add VOA as a party defendant in this matter.

    The Court lacks sufficient information at this juncture to determine whether VOA is amenable to suit for alleged civil rights violations.  While it appears VOA is a private not-for-profit Section 501(c)(3) corporation, Tyus alleges that it received state and/or federal funding and was carrying out a program at the behest of governmental authorities.  In order to assist the Court in determining whether VOA's action or inaction amounted to "state action" and whether it was acting "under color of state law," further factual development is warranted. *See, e.g., Pol Sella v. SER Jobs for Progress Nat., Inc.*, 11 F.Supp.2d 170, 174-75

-6-

(D.Puerto Rico 1998) (not-for-profit job service corporation's receipt of state funding insufficient to establish that corporation's termination of employee without due process constituted "state action" to permit Section 1983 claim).

    5.   <u>Defendants Richite and Roundtree</u>.

    Finally, while program participants Richite and Roundtree are named as defendants in the complaint, the plaintiff seeks neither compensatory nor injunctive relief against them and, accordingly, these defendants will be dismissed from the action.

    Dismissal of any claims against Richite and Roundtree is further appropriate because the plaintiff does not allege, nor would the allegations of the complaint support the allegation, that these defendants took any action "under color of state law" as required for liability to attach under Section 1983. An individual acts under color of state law only when he or she is a state employee, otherwise acts on the state's behalf, or under power conferred upon them by government, and in furtherance of tasks assigned to them. *Eddy v. Virgin Islands Water & Power Auth.*, 955 F.Supp. 468, 475 (D.Virgin Islands 1997). As mere program participants, Richite and Roundtree were not clothed with any such actual or apparent authority, and their purely private conduct is therefore not covered by Section 1983 even if abhorrent to constitutional principles. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (the "under color of state law"

element of Section 1983 liability excludes from its reach merely private conduct, no matter how discriminatory or wrongful).

**CONCLUSION**

Accordingly,

**IT IS ORDERED** as follows:

(1)   The claims against Defendants Kentucky Department of Veterans Affairs; U.S. Veterans Administration, Richite; and Roundtree are **DISMISSED** with **PREJUDICE.**

(2)   The Clerk of the Court shall send to the plaintiff blank summons forms and blank USM Forms 285.

(3)   The plaintiff shall, within thirty (30) days, complete and submit to the Lexington Clerk's Office the necessary summons forms pursuant to Fed.R.Civ.P. 4, along with as many copies as there are summonses issued of the following:  (a) the complaint [Record No. 2]; (b) the Order granting the plaintiff pauper status; (c) this Order; and (d) a completed USM Form 285 for each summons issued.

(4)   The Lexington Clerk's Office shall issue as many copies of the complaint as there are summonses issued.

(5)   After the Lexington Clerk's office has prepared the summonses, USM Forms 285, complaint copies, copies of this Order, and/or any other documents necessary to effectuate service, a Deputy Clerk in the Lexington Clerk's office shall hand-deliver said documents to the United States Marshal's office in Lexington,

Kentucky.

(6)  The Lexington Deputy Clerk making the delivery referenced in paragraph (5) to the United States Marshal's office shall obtain from the Marshal a receipt for the hand-delivered documents, which receipt shall be entered into the instant record by the Clerk.

(7)  The United States Marshal shall serve the copies of the summons, complaint, and this Order on Defendants Volunteers of America and Program Administrator David Waters.  Service shall be made by certified mail, return receipt requested.

(8)  The United States Marshal shall make a return report to the Court of whether the summons is executed or is still unexecuted within forty (40) days of the date of entry of this Order.

(9)  The plaintiff shall keep the Clerk of the Court informed of his current mailing address.  Failure to notify the Clerk of any address change may result in a dismissal of this case.

(10) For every further pleading or other document he wishes to submit for consideration by the Court, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document.  The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel.  **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been**

filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

This the 18th day of June, 2007.

 Signed By:

___Joseph M. Hood___

United States District Judge